


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

VICTORIA G. INGLESON,

Plaintiff,

v. Civil Action No. 4:15cv31

BURLINGTON MEDICAL SUPPLIES, INC.

and

DENNIS F. SWARTZ,

Defendants.

OPINION AND ORDER

This matter is before the Court on Defendants Burlington Medical Supplies, Inc. ("BMS") and Dennis Swartz's ("Swartz") Motion to Dismiss, ECF No. 8. BMS and Swartz (collectively "Defendants") seek to dismiss the following three counts of Plaintiff Victoria Ingleson's ("Plaintiff") Amended Complaint, ECF No. 4, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted: (1) retaliation based on sex discrimination in violation of Title VII; (2) negligent retention; and (3) wrongful discharge in violation of public policy. Having considered the briefs of the parties, the motion is now ripe for decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she began working for BMS as a fabric cutter in its factory in April 2011, and she was moved to the office to work as an Order Entry Specialist in or around September 2011. Am. Compl. ¶ 10, ECF No. 4. Beginning in April 2012, Plaintiff began experiencing unwanted sexual advances and harassment from Swartz, the Owner and Chairman of BMS. Id. ¶¶ 11, 12. Plaintiff received frequent unwanted sexually suggestive comments and behavior from Swartz between April 2012 and her termination on June 14, 2013. Id. ¶¶ 12, 14, 26. Plaintiff states that she repeatedly objected to Swartz's behavior and that she reported Swartz's behavior to her supervisor, Troy Cutchin, in November 2012, and his replacement, Roxanne Jernigan, in February 2013. Id. ¶¶ 13, 15, 16, 21.

According to the Amended Complaint, Mr. Cutchin and Ms. Jernigan did nothing to make Swartz's harassment stop and the harassment did not stop. Id. ¶¶ 17, 22. Instead, shortly after Plaintiff complained to Mr. Cutchin in November 2012, she was written up for improper use of company equipment because "Mr. Swartz was adamant about her being written up." Id. ¶¶ 18-19. Plaintiff was again written up in May 2013 for talking to a factory worker on the factory floor because "Mr. Swartz had insisted on the write up." Id. ¶¶ 23-24. Plaintiff was finally

terminated by Ms. Jernigan on June 14, 2013, because "Mr. Swartz had told her to fire [Plaintiff]," and "Mr. Swartz gave no reason other than he did not want [Plaintiff] working at BMS." Id. ¶ 26.

Plaintiff filed her initial Complaint against BMS, Swartz, and Elaine Swartz on April 16, 2015. ECF No. 1. Plaintiff filed her Amended Complaint against BMS and Swartz (omitting Elaine Swartz) on May 11, 2015. ECF No. 4. Plaintiff's Amended Complaint alleges four claims: (1) hostile work environment based on sex discrimination in violation of Title VII; (2) retaliation based on sex discrimination in violation of Title VII; (3) negligent retention; and (4) wrongful discharge in violation of public policy. See Am. Compl. Due to Defendants' alleged conduct and discriminatory actions, Plaintiff experienced various physical and emotional symptoms. Id. ¶ 36. Defendants filed a Motion to Dismiss Plaintiff's retaliation, negligent retention, and wrongful discharge claims on June 17, 2015. ECF No. 8.

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss may be granted when a complaint fails "to state a claim upon which relief can be

granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Though a complaint need not be detailed, it must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. A complaint that tenders "naked assertions" devoid of "further factual enhancement" will not suffice. Id. at 557; Ashcroft, 556 U.S. at 678.

A motion to dismiss tests the sufficiency of a complaint without resolving factual disputes, and a district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" Kensington Volunteer Fire Dep't v. Montgomery Cty., 684 F.3d 462, 467 (4th Cir. 2012) (quoting E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011)). Although the truth of the facts alleged is presumed, district courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore

Mkts., Inc. v. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000).

## III. DISCUSSION

### A. Retaliation

Plaintiff alleges that she was terminated from her employment at BMS in retaliation for her rejection of Swartz's sexual advances and complaints about Swartz's behavior to him directly and to her supervisors. BMS argues that Plaintiff has pled multiple reasons for her termination, and, because one of the reasons alleged does not constitute protected activity, she cannot claim that her complaints were the "but-for" cause of the alleged retaliation.

The elements of a prima facie claim for retaliation are: "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010) (citing Mackey v. Shalala, 360 F.3d 463, 469 (4th Cir. 2004)); see also Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 281 (4th Cir. 2015) (en banc). "Title VII's antiretaliation provision forbids employer actions that 'discriminate against' an employee (or job applicant) because [s]he has 'opposed' a practice that Title VII forbids or has 'made a charge, testified, assisted, or

participated in' a Title VII 'investigation, proceeding, or hearing.'" Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 59 (2006) (quoting 42 U.S.C. § 2000e-3). Thus, "[e]mployees engage in protected oppositional activity when, inter alia, they 'complain to their superiors about suspected violations of Title VII.'" Boyer-Liberto, 786 F.3d at 281 (quoting Bryant v. Aiken Reg'l Med. Ctrs. Inc., 333 F.3d 536, 543-44 (4th Cir. 2003)).

The United States Supreme Court recently addressed the evidentiary standard necessary to establish causation in a Title VII retaliation claim in University of Texas Southwestern Medical Center v. Nassar, 133 S. Ct. 2517 (2013). The Supreme Court noted that "[t]he text, structure and history of Title VII demonstrate that a plaintiff making a retaliation claim under § 2000e-3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer," rather than the more lenient causation standard applied to Title VII discrimination claims. Id. at 2534 Thus, a plaintiff must plead sufficient facts to plausibly state that her protected activity was the but-for cause of the adverse employment action of which she complains.

A plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss. See Miller v. Carolinas Healthcare Sys., 561 F. App'x 239, 241 (4th

Cir. 2014) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002)). The prima facie case is an evidentiary standard that must be met at trial, not a pleading requirement. See Swierkiewicz, 534 U.S. at 510. Instead, a plaintiff need only allege "facts sufficient to state a claim entitling her to relief." Harman v. Unisys Corp., 356 F. App'x 638, 640 (4th Cir. 2009) (citing Jordan v. Alternative Res. Corp., 458 F.3d 332, 346-47 (4th Cir. 2006)). Furthermore, under Federal Rule of Civil Procedure 8(d)(2), a party may allege alternative or hypothetical statements. "If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2). This rule has been applied in the retaliation context. Therefore, a plaintiff may plead in the alternative when alleging causation in a retaliation claim.[1] See Fagan v. U.S. Carpet Installation, 770 F. Supp. 2d 490, 496-97 (E.D.N.Y. 2011) (noting that the requirement to prove "but for" causation does not foreclose a plaintiff from pleading in the alternative, instead, "all that

---

[1] Defendants incorrectly rely on the Dismissal Order in Laughton v. Hampton Roads Shipping Assoc., No. 2:14cr427, ECF No. 32, for the proposition that Plaintiff may not plead more than one reason for her termination in her retaliation claim. In Laughton, the plaintiff's claim was dismissed because he failed to plead that he engaged in any protected activity, not that he improperly alleged multiple reasons for retaliation. The Dismissal Order does not address the issue presented in this case, and as such, Laughton is inapplicable.

is required at this stage of the proceedings is that 'the complaint contain sufficient facts to make plausible the conclusion that 'but for [their] age [the] Plaintiff[s] would still be employed.'" See also Delaney v. Bank of Am. Corp., 766 F.3d 163, 169 (2d Cir. 2014) (quoting Fagan, 770 F. Supp. 2d at 496).

Plaintiff has adequately alleged that BMS retaliated against her for opposing Swartz's inappropriate behavior. At a minimum, Plaintiff has alleged that she was terminated because she objected to Swartz's inappropriate sexual advances. Defendants argue that Plaintiff's direct objections to Swartz are not protected activity, and that such an alternative reason for her termination undermines her obligation to allege but-for causation. However, the Court need not resolve the legal issue of whether Plaintiff's direct objections to Swartz are protected activity because it determines that Plaintiff has alleged an alternative means of oppositional protected activity (the complaints made to her direct supervisors) that may plausibly demonstrate causation. At this stage of the proceedings, it is sufficient that Plaintiff's Amended Complaint contains sufficient facts to state a claim "plausible on its face" that but for her opposition to Swartz's behavior she would still be employed. See Nassar, 133 S. Ct. at 2532-33 (noting that

retaliation claims "require proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer"). Therefore, Defendants' motion to dismiss Plaintiff's claim for retaliation based on sex discrimination in violation of Title VII is **DENIED**.

**B. Negligent Retention**

Plaintiff alleges, in a pendant state law claim, that BMS knew or should have known that Swartz was dangerous and likely to harm female employees, but despite this knowledge, BMS retained Swartz in his position and failed to protect the female employees of BMS. As a result of retaining Swartz in his position, Plaintiff experienced various emotional and physical symptoms. BMS argues that Plaintiff cannot make out a claim for negligent retention, because she failed to plead that Swartz's retention caused her serious and significant physical injury.

The Commonwealth of Virginia has recognized the independent tort of negligent retention. See Se. Apartments Mgmt., Inc. v. Jackman, 257 Va. 256, 260 (1999); Philip Morris, Inc. v. Emerson, 235 Va. 380, 401 (1988). The tort of negligent retention is "similar though distinct" from the tort of negligent hiring, Inv'rs Title Ins. Co. v. Larson, 68 Va. Cir. 337, 337 (Va. Cir. Ct. 2005) (Henry County, Va.), and "is based on the principle that an employer . . . is subject to liability

for harm resulting from the employer's negligence in retaining a dangerous employee who the employer knew or should have known was dangerous and likely to harm" others. Se. Apartments Mgmt., Inc., 257 Va. at 260-61; see also Blair v. Def. Servs., Inc., 386 F.3d 623, 629-30 (4th Cir. 2004) (relying on the test from Se. Apartments Mgmt., Inc. to vacate a grant of summary judgment in a negligent retention case); Zaklit v. Glob. Linguist Sols., LLC, No. 1:14cv314, 2014 WL 3109804, at *13 (E.D. Va. July 8, 2014) ("The test is whether the employer has negligently placed an 'unfit person in an employment situation involving an unreasonable risk of harm to others.'" (quoting Morgan v. Wal-Mart Stores E., LP, No. 3:10cv669, 2010 WL 4394096, at *3 (E.D. Va. Nov. 1, 2010))).

To make out a claim for negligent retention, Plaintiff must plead that she suffered an adequate level of "harm" as a result of Swartz's actions. The Virginia Supreme Court has not definitively stated that physical injury is necessary to make out a claim for negligent retention, but other courts have construed Virginia law to require Plaintiff to allege that she suffered serious and significant physical injury to maintain a claim for negligent retention. See Elrod v. Busch Entm't Corp., 479 F. App'x 550, 551 (4th Cir. 2012) (noting that the Virginia Supreme Court "generally recognizes that a plaintiff may not

recover for emotional injury resulting from the defendant's negligence without proof of contemporaneous physical injury," and therefore affirming the district court's denial of amendment as futile because such negligent retention amendment did not allege contemporaneous physical injury); Ali v. Coleman, No. 12cv560, 2013 WL 4040444, at *3 (finding that "physical injury is a necessary element of negligent retention"); see also Zaklit, 2014 WL 3109804, at *14 (finding that allegations of mental anguish, emotional distress, and pain and suffering were inadequate to make out a claim for negligent retention); Griffith v. Wal-Mart Stores E., L.P., No. 6:12cv11, 2012 WL 5465501, at *11 (W.D. Va. Aug. 24, 2012) (relying on J. v. Victory Tabernacle Baptist Church, 236 Va. 206 (1988), a negligent hiring case where a child was repeatedly raped and sexually assaulted, to explain that allegations of emotional distress were insufficient to make out a claim for negligent retention); Inv'rs Title Ins. Co., 68 Va. Cir. at 337 (sustaining a demurrer on a negligent retention claim because a plaintiff must allege and prove physical injury). But see, Courtney v. Ross Stores, Inc., 45 Va. Cir. 429, 431 (Va. Cir. Ct. 1998) (Fairfax County, Va.) (denying a demurrer on a negligent retention claim where no physical injury took place

but employer was aware that employee engaged in discriminatory conduct before employee verbally abused the plaintiff).

Additionally, Virginia law regarding what type of conduct is necessary to place a defendant on notice that it employs a "dangerous employee . . . likely to harm," and thus creates a duty for the employer not to retain said "dangerous employee," is instructive in determining the level of injury necessary in order to make out a claim for negligent retention. Notice of an employee's bad acts, unrelated to the harm at issue, or minor alerts to an employee's unrelated bad character or ill temper, are not sufficient to place a defendant on notice of the employee's dangerousness. See Se. Apartments Mgmt., Inc., 257 Va. at 260 (noting that "suspicion" of alcohol or drug problems, employee's possible attraction to single women, and reports that employee was "obnoxious" were not sufficient to put defendant on notice that employee was likely to sexually assault tenants); Victory Tabernacle Baptist Church, 236 Va. at 207 (noting that the Victory Tabernacle knew, or should have known, that the employee had recently been convicted of aggravated sexual assault and was on probation); Inv'rs Title Ins. Co., 68 Va. Cir. at 337 (explaining that the Virginia Supreme Court's language of "dangerous employee . . . likely to harm" indicates that "physical injury is a necessary element of negligent

retention"). If it is the duty of an employer not to retain an employee who poses an unreasonable risk of harm involving the threat of serious and significant physical injury, logic dictates that any injury alleged to have occurred as a result of violating such duty must be of the same character as the duty—i.e. the employer had a duty not to retain an employee that it knew or should have known posed a threat of serious and significant physical injury and I suffered such an injury from such employee. Ali, 2013 WL 4040444, at *3 ("[T]he use of the language 'dangerous employee . . . likely to harm' others in [Se. Apartments Mgmt., Inc.] convinces this Court that physical injury is a necessary element of negligent retention.").

Therefore, based upon the weight of the authority from other courts, and the Virginia Supreme Court's language regarding an employer's duty not to retain a known "dangerous employee," see Se. Apartments Mgmt., Inc., 257 Va. at 260-61, this Court finds that a plaintiff alleging negligent retention must allege serious and significant physical harm. Accordingly, this Court dismisses Plaintiff's claim for negligent retention because her allegations of "various [post-harassment] physical . . . symptoms including . . . headaches, [and] nausea" are not sufficiently serious and significant physical injuries to maintain her negligent retention claim. Therefore,

Defendants' motion to dismiss Plaintiff's claim for negligent retention is **GRANTED**.

**C. Wrongful Discharge**

Plaintiff alleges, in a pendant state law claim, that her termination violated the established public policies of Virginia because she was terminated for opposing and resisting Swartz's demands to commit criminal acts, namely fornication and aiding and abetting adultery. Defendants argue that fornication and aiding and abetting adultery are insufficient statutory bases to support Plaintiff's claim of wrongful discharge because: (1) statutes prohibiting fornication, and arguably adultery by logical extension, were found unconstitutional in Lawrence v. Texas, 539 U.S. 558 (2003); (2) Plaintiff has not pled that Swartz's behavior included a demand to engage in "sexual intercourse;" and (3) Plaintiff has not pled that, even if Plaintiff had consented to Swartz's sexual advances, the act of engaging in sexual intercourse with Swartz would have been "voluntary."

The Commonwealth of Virginia "strongly adheres to the employment-at-will doctrine," Lockhart v. Commonwealth Educ. Sys. Corp., 247 Va. 98, 102 (1994), but application of this doctrine is not absolute. Virginia has recognized a "narrow exception" to the employment-at-will doctrine when discharge is

based on an employee's refusal to engage in a criminal act.[2] VanBuren v. Grubb, 471 F. App'x 228, 233 (4th Cir. 2012) (citing Rowan v. Tractor Supply Co., 263 Va. 209, 213 (2002)). The wrongful discharge exception was created because the "[Virginia] General Assembly did not intend that the employment-at-will doctrine . . . serve as a shield for employers who seek to force their employees, under the threat of discharge, to engage in criminal activity." Mitchem v. Counts, 259 Va. 179, 190 (2000). To establish a claim for wrongful discharge in violation of public policy, Plaintiff must establish that: (1) she was terminated; (2) that her termination violated a public policy of Virginia; and (3) there is a causal link between her termination and the named public policy. See VanBuren, 471 F. App'x at 233. Plaintiff cites two criminal statutes that she alleges support her claim for wrongful discharge in violation of public policy: Va. Code § 18.2-344, prohibiting fornication, and Va. Code § 18.2-365, prohibiting adultery.

[2] The Virginia Supreme Court recognized several circumstances that fall within the "wrongful discharge" exception to the employment-at-will doctrine in Rowan v. Tractor Supply Co., 263 Va. 209 (2002). The present facts give rise to only one of those instances, so the Court will not address the other circumstances.

**a. Virginia Public Policy: Fornication**

Virginia's statute criminalizing fornication cannot serve as a foundation for Plaintiff's claim of wrongful discharge in violation of public policy. It is true that, in 2000, the Virginia Supreme Court found that a plaintiff sufficiently stated a claim for wrongful discharge based on her refusal to engage in fornication, a crime under Va. Code § 18.2-344. See Mitchem, 259 Va. at 189. However, in 2013, the Fourth Circuit affirmed dismissal of a claim for wrongful discharge on the basis of fornication. See Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 409 (4th Cir. 2013). The Fourth Circuit determined that Mitchem's application of Va. Code § 18.2-344, prohibiting fornication, was abrogated by Martin v. Ziherl, 269 Va. 35 (2005), which found that Va. Code § 18.2-344, like the statute at issue in Lawrence v. Texas, violated the Due Process Clause of the Fourteenth Amendment. See id. Therefore, Plaintiff cannot make out a claim for wrongful discharge based upon her alleged refusal to engage in fornication with Swartz.

**b. Virginia Public Policy: Aiding and Abetting Adultery**

Plaintiff, however, may make an alternative claim for wrongful discharge based upon her refusal to aid and abet adultery. See Fed. R. Civ. P. 8(d)(2). "Laws that do not expressly state a public policy, but were enacted to protect the

property rights, personal freedoms, health, safety, or welfare of the general public, may support a wrongful discharge claim if they further an underlying, established public policy that is violated by the discharge from employment." Mitchem, 259 Va. at 189 (internal citations omitted).[3] The Fourth Circuit recognized, in 2012, that Virginia's criminal statute prohibiting adultery provides just such an underlying, established public policy. See VanBuren, 471 F. App'x at 233-34 (citing Mitchem, 259 Va. at 189). In VanBuren, the Fourth Circuit upheld denial of a motion to dismiss a wrongful discharge claim based on public policy because the plaintiff would have violated Virginia's prohibition against adultery if she had submitted to her employer's persistent sexual advances.[4] See id.

---

[3] While rare, a claim for wrongful discharge for refusal to aid and abet unlawful conduct may provide the foundation for a wrongful discharge claim. See Levito v. Hussman Food Serv. Co. Victory Refrigeration Div., No. 89-5967, 1990 WL 1426, at *3 (E.D. Pa. Jan. 8, 1990) (allowing wrongful discharge claim for refusal to aid and abet a kick-back scheme); Cronk v. Intermountain Rural Elec. Ass'n, No. 90CA0666, 1992 WL 161811, at *5 (Colo. App. Apr. 2, 1992) (reviewing jury verdict denying wrongful discharge claim for refusal to aid or abet criminal violations and concealment of those violations).

[4] The constitutionality of Virginia's adultery statute was not at issue in VanBuren v. Grubb and the Fourth Circuit did not address it. The Virginia Supreme Court, in its 2005 opinion of Martin v. Ziherl, did not address whether the Supreme Court's logic in Lawrence v. Texas (2003), extends to Virginia's statute criminalizing adultery. Instead, the Virginia Supreme Court carefully noted that Lawrence addressed "certain private sexual conduct between two consenting

Similarly, Virginia prohibits aiding and abetting criminal activity. See Va. Code § 18.2-18 (describing how principals in the second degree and accessories before the fact to a felony are punished); Adkins v. Commonwealth, 175 Va. 590, 607 (1940) (noting that, unless otherwise stated by the legislature, failure to codify liability for a criminal accomplice does not mean that an accomplice cannot be found liable, and finding that an unmarried person who marries another, knowing that the latter is already married, may be convicted of aiding and abetting bigamy); Wade v. Commonwealth, 56 Va. App. 689, 696 (Ct. App. 2010) (noting that while Virginia does not have a statute expressly criminalizing aiding and abetting misdemeanors, "it is clear that the General Assembly did not intend to abrogate the common law rule that, in misdemeanor cases, all participants are principals"); see also Spradlin v. Commonwealth, 195 Va. 523, 527 (1954) ("In misdemeanor cases there are no accessories but

---

adults," but it did "not involve minors, non-consensual activity, prostitution, or public activity" and the Virginia Supreme Court's holding did "not affect the Commonwealth's police power regarding regulation of public fornication, prostitution or other such crimes." Martin, 269 Va. at 42-43. The Virginia Supreme Court consciously avoided extending the logic of Lawrence to other similar statutes criminalizing sexual conduct, and this Court will not step into its shoes to do so today. Instead, the Court understands the Virginia Supreme Court's Martin opinion to make a clear distinction between the private, consensual sexual activity at issue in Lawrence and the Commonwealth's other statutes criminalizing certain sexual conduct, including the prohibition against adultery.

all participants in the crime are principals . . . , if a statute makes an act criminal, it imposes on all persons who are present purposely giving aid and comfort to the actual wrongdoer criminal responsibility equal to that of the wrongdoer" (citing Foster v. Commonwealth, 179 Va. 96, 100 (1942); Hodge v. City of Winchester, 153 Va. 904, 908 (1929)). Thus, Virginia's public policy against adultery reasonably encompasses aiding and abetting adultery as well. Therefore, Virginia's public policy is violated when an employee is discharged for refusal to aid and abet adultery.

Defendants' arguments that Plaintiff has not sufficiently alleged that Swartz sought to engage her in aiding and abetting adultery are unavailing. Virginia Code § 18.2-365 states that "[a]ny person, being married, who voluntarily shall have sexual intercourse with any person not his or her spouse shall be guilty of adultery, punishable as a Class 4 misdemeanor." To aid and abet a criminal act, a person "must be guilty of some overt act, or he must share the criminal intent of the principal or party who commits the crime." Foster, 179 Va. at 100 (citing Triplett v. Commonwealth, 141 Va. 577, 586 (1925)); see also Charles v. Commonwealth, 63 Va. App. 289, 301 (Ct. App. 2014). Plaintiff alleges in her Amended Complaint, among other statements, that "Mr. Swartz said he could satisfy her and said

she should let him show her how," Am. Comp. ¶ 12, and "Mr. Swartz came behind her, slipped both hands around her waist, pressed into her, and said '[y]ou are in the perfect position,'" id. ¶ 14. Taking Plaintiff's allegations as true, and accepting all reasonable inferences from those allegations, see Kensington Volunteer Fire Dep't, 684 F.3d at 467, Plaintiff has sufficiently pled that Swartz sought to engage her in sexual intercourse, and that, had she engaged in sexual intercourse, she would have aided and abetted adultery because Swartz was married. Furthermore, Plaintiff has sufficiently pled that she was terminated for her refusal to aid and abet adultery. Therefore, Defendants' motion to dismiss Plaintiff's claim for wrongful discharge in violation of public policy on the basis of aiding and abetting adultery is **DENIED**.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES IN PART** and **GRANTS IN PART** Defendants' Motion to Dismiss, ECF No. 8. The Court **DENIES** Defendant's Motion to Dismiss Plaintiff's claims for retaliation based on sex discrimination in violation of Title VII and wrongful discharge in violation of public policy on the basis of aiding and abetting adultery. ECF No. 8. The Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's claim for negligent retention. ECF No. 8. Therefore, Plaintiff's claim

regarding negligent retention will be **DISMISSED WITHOUT PREJUDICE.**

It is so **ORDERED.**

/s/ MSD
Mark S. Davis
United States District Judge

Norfolk, Virginia
October 22, 2015